TAB A

1  **BRYAN CAVE LLP**
   K. Lee Marshall
2  Robert Padway
   Berrie Goldman
3  Two Embarcadero Center, Suite 1400
   San Francisco, CA  94111
4  klmarshall@bryancave.com
   robert.padway@bryancave.com
5  berrie.goldman@bryancave.com

6  **BRYAN CAVE LLP**
   Ameer Gado
7  One Metropolitan Square          *Attorneys for Plaintiff and Counterclaim-*
   211 North Broadway, Suite 3600   *Defendant Alzheimer's Institute of America, Inc.*
8  St. Louis, MO  63102-2750
   aagado@bryancave.com

9

10             **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
11                **SAN FRANCISCO DIVISION**

12  ALZHEIMER'S INSTITUTE OF AMERICA,
    INC.,
13
                     Plaintiff,          Case No. 3:10-CV-0482 (EDL)
14
          v.
15                                       **STIPULATED PROTECTIVE**
                                         **ORDER**
16  ELAN PHARMACEUTICALS, INC., *et al.*

17                   Defendants.
    _____
18

19      1.     <u>PURPOSES AND LIMITATIONS</u>

20          Disclosure and discovery activity in this action are likely to involve production of

21  confidential, proprietary, or private information for which special protection from public

22  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

23  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

24  Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

25  all disclosures or responses to discovery and that the protection it affords from public disclosure

26  and use extends only to the limited information or items that are entitled to confidential treatment

27  under the applicable legal principles.  The parties further acknowledge, as set forth in Paragraph

28

13.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel:  House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" information in this matter.

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current director, officer, or employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become a director, officer, or employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" Information or Items: extremely sensitive "Confidential Information or Items" representing trade secret ongoing research or development efforts of the Designating Party, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – <u>AEO & PROSECUTION BAR</u>."

2.17    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or, alternatively, any designation with the term "ATTORNEYS' EYES ONLY") or "HIGHLY CONFIDENTIAL – <u>AEO & PROSECUTION BAR</u>" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise designated by the Producing Party.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or, alternatively, any designation with the term "ATTORNEYS' EYES ONLY") or "HIGHLY CONFIDENTIAL – <u>AEO & PROSECUTION BAR</u>") to each page that contains Protected

Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify either on the record or in writing within 21 days after receipt of the final transcript of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection on the record or within the 21 days shall be covered by the provisions of this Stipulated Protective Order. A Designating Party may specify that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." An entire transcript may not be designated "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  Protected Material may, without the signing of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), be disclosed to a witness at a deposition who: (i) prepared, received, reviewed, or had knowledge of the Protected Material as demonstrated by the Protected Material itself, other documents or foundation testimony or (ii) is currently employed as an officer or director of the Designating Party (but only as to Protected Material of the Designating Party).  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," OR "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR."

Any Designating Party may seek appropriate Court orders, including without limitation, an order which restricts the use of any Protected Material during trial or other Court proceeding, requests that portions of the transcript or exhibits be sealed, or restricts access of the public to certain portions of the trial or other Court proceeding.  Reasonable time permitting, the Parties agree to work in advance of trial or other Court proceedings to prevent disruptions by use of Protected Material by meeting and conferring regarding potentially redacting irrelevant or unnecessary portions of Protected Material before attempting to admit it or use them at trial or in open Court.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or, alternatively, any designation with the term "ATTORNEYS' EYES ONLY") or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR."  If only a portion or portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected after its discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  *See* Paragraph 12.

5.4    Redesignation.  Upon entry of this Protective Order, each Designating Party shall have 21 days to potentially redesignate material that was formerly designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the designation "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR."  During that 21 day period, no Receiving Party may disclose information previously designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any House Counsel, and after that 21 day period, the Receiving Party will treat all information designated as  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" per the terms of this Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any

time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A or B);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel; court reporters and their staff;

(e)  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and, subject to Paragraph 5.2(b), who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" " only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound For House Counsel" (Exhibit B), and (4) as to whom the procedures set forth in Paragraph 7.5(a)(1), below, have been followed;

(c)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5(a)(2), below, have been followed;

(d)  the court and its personnel; court reporters and their staff;

(e)  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Disclosure of "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – "AEO & PROSECUTION BAR" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who is not involved in the prosecution (as defined in Paragraph 8) of patents or patent applications with claims relating to modeling, diagnosis, or treatment of Alzheimer's Disease, including without limitation the patents asserted in this action and any patent or application claiming priority to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office, and is thus not restricted by the terms of the Prosecution Bar described below in Paragraph 8, (4) who has signed the "Acknowledgment and Agreement to Be Bound For House Counsel" (Exhibit B), and (5) as to whom the procedures set forth in Paragraph 7.5(a)(1), below, have been followed;

(c)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.5(a)(2), below, have been followed;

(d)  the court and its personnel; court reporters and their staff;

(e)  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" Information or Items to Designated House Counsel or Experts.</u>

(a)(1)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" pursuant to paragraph 7.3(b) or 7.4(b), first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Designated House Counsel is involved, or may become involved, in any competitive decision-making or prosecution (as defined in Paragraph 8) of patents or patent applications with claims relating to modeling, diagnosis, or treatment of Alzheimer's Disease, including without limitation the patents asserted in this action and any patent or application claiming priority to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent Office.

(a)(2)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" pursuant to paragraph 7.3(c) or 7.4(c) must first make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and

state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" information shall not be involved in the prosecution of patents or patent applications with claims relating to modeling, diagnosis, or treatment of Alzheimer's Disease, including without limitation the patents asserted in this action and any patent or application claiming priority to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this Protective Order, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2]  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" information is first received by the affected individual and shall end one (1) year after final termination of this action.

_____
[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – AEO & PROSECUTION BAR."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the court.[4]  Absent a court order to the contrary, the Non-Party shall bear the burden and

expense of seeking protection in this court of its Protected Material.

11.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

12.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

PROTECTED MATERIAL

12.1    If a Receiving Party learns that it has disclosed Protected Material to any person or

in any circumstance not authorized under this Protective Order, the Receiving Party must

immediately (a) notify in writing the Producing Party of the unauthorized disclosures and describe

the nature and circumstances of the disclosure, (b) use its best efforts to retrieve all copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made

of all the terms of this Protective Order, and (d) request such person or persons to execute an

Acknowledgment.

12.2    The inadvertent or mistaken production by a Producing Party of Protected Material

without designating it as provided in this Protective Order shall not be a waiver of such

designation provided that the Producing Party must, as soon as reasonably possible after its

discovery, give written notice to the Receiving Party that the material at issue is or contains

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Protected Material and should be treated as such in accordance with this Protective Order.  In such instance, the Producing Party shall also provide replacement copies of the material at issue properly marked as required under this Protective Order.  Upon receipt of such notice and properly marked material, the Receiving Party shall return the mis-designated material and shall treat such information consistent with the re-designation.  The inadvertent or mistaken production by a Producing Party of Protected Material without designating it as provided in this Protective Order shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The Receiving Party shall not be in breach of this Protective Order for any use made of such Protected Material before the Receiving Party is given notice of the failure to designate.

12.3     The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine, or any other privilege or immunity will not waive the attorney-client privilege, attorney work product protection, or other privilege or immunity.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.  If a Producing Party claims to have inadvertently produced information covered by the attorney-client privilege or attorney work product protection, or other privilege or immunity, and had taken reasonable precautions to prevent disclosure, that Producing Party shall, as required by Rule 26(b)(5)(B), promptly notify in writing and request the return, destruction, or sequestration of such information and shall explain the basis for the claim.  After being notified, the Receiving Party must within ten (10) days return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified.  If there remains disagreement about the claim of attorney-client privilege or attorney work product protection, or other privilege or immunity or the inadvertent production, the Receiving Party may move the Court, within ten (10) business days of receiving the claim of inadvertent production, for a determination of the claim.  The Receiving Party must preserve the information until the claim is resolved.  The Producing Party shall have the burden of proving that such attorney-client privilege, work product, or any other protection exists. If the

Receiving Party does not move the court within ten (10) business days of receiving the claim of inadvertent production, the Receiving Party shall return, destroy, or sequester such information as requested by the Producing Party.

13.   MISCELLANEOUS

13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected

Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.      FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 (DURATION).

15.      SERVICE OF SIGNED EXHIBITS A AND B

Each Party agrees to serve upon all other Parties copies of all Exhibits A and B signed by employees, officers, directors, Designated House Counsel and Experts on the Party's behalf.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  May 10, 2011

**BRYAN CAVE LLP**


By:   /s/ Ameer Gado
K. Lee Marshall (admitted *Pro Hac Vice*)
Robert Padway (No. 48439)
Berrie Goldman (No. 246061)
Two Embarcadero Center, Suite 1400
San Francisco, CA  94111
415-675-3400
415-675-3434 [Fax]
klmarshall@bryancave.com
robert.padway@bryancave.com
berrie.goldman@bryancave.com

Attorneys for Plaintiff
Alzheimer's Institute of America, Inc.

Of Counsel:

Ameer Gado (admitted *pro hac vice)*
Benjamin J. Sodey (admitted *pro hac vice*)
BRYAN CAVE LLP
One Metropolitan Square, Suite 3600
211 North Broadway
St. Louis, MO  63102
(314) 259-2000
(314) 259-2020 [Fax]
aagado@bryancave.com
benjamin.sodey@bryancave.com

DATED:  May 10, 2011

                             **FINNEGAN, HENDERSON, FARABOW,**
                             **GARRETT & DUNNER, LLP**


By:   /s/ Robert F. McCauley
                    Robert Francis McCauley (No. 162056)
                    Stanford Research Park
                    3300 Hillview Avenue
                    Palo Alto, CA  94304-1203
                    (650) 849-6600
                    (650) 849-6666 [Fax]
                    robert.mccauley@finnegan.com

                    Attorneys for Defendant
                    Eli Lilly & Company

Of Counsel:

Laura P. Masurovsky
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001
(202) 408-4000
laura.masurovsky@finnegan.com

DATED:  May 10, 2011

**DICKSTEIN SHAPIRO LLP**


By:   /s/ Katie J.L. Scott
     Deborah E. Fishman (SBN 197584)
     Katie J.L. Scott (SBN 233171)
     Assad H. Rajani (SBN 251143)
     303 Twin Dolphin Drive, Suite 600
     Redwood City, CA 94065
     Telephone:      (650) 632-4209
     Facsimile:      (650) 632-4333
     Email: fishmand@dicksteinshapiro.com
           scottk@dicksteinshapiro.com
           rajania@dicksteinshapiro.com

     Attorneys for Defendant
     Elan Pharmaceuticals, Inc.

DATED:  May 10, 2011

**WOLF GREENFIELD & SACKS, P.C.**


By:  /s/ Michael N. Rader

Chelsea A. Loughran (admitted *pro hac vice*)
Michael N. Rader (admitted *pro hac vice*)
600 Atlantic Avenue
Boston, MA  02210-2206
(617) 646-8000
(617) 646-8646 [Fax]
cloughran@wolfgreenfield.com
mrader@wolfgreenfield.com

Attorneys for Defendant
The Jackson Laboratory

Of Counsel

Todd Andrew Noah
DERGOSITS & NOAH LLP
Three Embarcadero Center, Suite 410
San Francisco, CA  94111
(415) 705-6377
(415) 705-6383 [Fax]
tnoah@dergnoah.com

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2    DATED: _May 13, 2011 ____

3                                         Judge

# **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [date] in the case of *Alzheimer's Institute of America, Inc. v. Elan*

*Pharmaceuticals, Inc. et al.*, Case No. 3:10-CV-0482 (EDL) (N.D. Cal). I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                                [printed name]
Signature: _____
                              [signature]

29

# **EXHIBIT B**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

### FOR HOUSE COUNSEL

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [date] in the case of *Alzheimer's Institute of America, Inc. v. Elan*

*Pharmaceuticals, Inc. et al.*, Case No. 3:10-CV-0482 (EDL) (N.D. Cal)  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.  Further, by my initials, I hereby represent that

    1) _____ I have no competitive decision-making responsibilities.

and

    2) _____ I do not anticipate being subject to the Prosecution Bar because my duties do

    not include prosecution of patents or patent applications with claims relating to modeling,

    diagnosis, or treatment of Alzheimer's Disease, as described in Paragraph 8.

or

    _____ I anticipate being subject to the Prosectuion Bar because by duties include

    prosecution of patents or patent applications with claims relating to modeling, diagnosis, or

    treatment of Alzheimer's Disease, as described in Paragraph 8.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]
Signature: _____
                          [signature]