IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALZHEIMER'S INSTITUTE OF AMERICA, | No. C-10-482-EDL |
| Plaintiff, | **ORDER REGARDING JUNE 15, 2011 JOINT BRIEF RE: REVISED CLAIM CONSTRUCTION AND REQUEST FOR EXPEDITED DISCOVERY** |
| v. | |
| ELAN CORPORATION PLC, et al., | |
| Defendants. | |

In a series of letters filed earlier this month, Elan Corporation PLC ("Elan") and the Alzheimer's Institute of America, Inc. ("AIA) raised the issues of: (1) whether a pending motion in parallel Pennsylvania litigation challenging AIA's standing to assert the patents at issue should impact the claim construction schedule in this case; and (2) AIA's objection to Elan's late-filed "revised" claim construction statement, filed three days before AIA's opening claim construction brief. See Dkt. Nos. 184, 185, 188. The Court held a phone conference with the parties on June 9, where both issues were discussed. Elan also raised the issue that it wants expedited discovery on standing and to depose AIA witnesses. During the call, the parties agreed that claim construction briefing should proceed but the tutorial and hearing could be continued for 90 days. AIA further agreed that, although the entire revised claim construction statement was objectionable, it would focus its objections on issues that would multiply, rather than simplify, issues in the case. The Court asked the parties to meet and confer and file a joint brief of no more than 10 pages focusing on good cause and prejudice relating to the revised claim construction statement. On June 15, the parties

submitted a 17 page[1] joint brief addressing these, and other, issues. Based on the parties' arguments, the Court Orders as follows:

1. **Scheduling:** The parties agree to a 90 day extension of the claim construction tutorial and the Court finds good cause for a continuance. The tutorial will be held on November 3 and the hearing will be held on November 14 at 1:30 p.m.

2. **Objections to Elan's Revised Claim Construction:** AIA has confirmed that it does not object to several parts of Elan's revised claim construction, including citations to intrinsic evidence and some extrinsic evidence and stylistic changes. However, it maintains objections to: a) Elan's proposed construction of the term "isolated" where it did not previously offer a construction and instead maintained that the term is indefinite; b) Elan's revision of its construction of the term "fragment;" and c) Elan's citation to inventor Mullen's deposition taken in parallel litigation.

AIA argues that such amendments are subject to Patent Local Rule 1-3, which requires "good cause" for modifications to patent local rule deadlines. The Court agrees that Elan did not properly handle its effort to revise its claim construction positions. If Elan wished to revise its claim construction so close to the deadline for the opening brief and modify the previously-set claim construction schedule, it should have requested the Court's permission and made an initial demonstration of good cause, instead of unilaterally filing a "revised" document three days before AIA's opening brief was due. However, as discussed below, the Court finds that there is good cause for allowing Elan's revised claim construction, in part because, based on a preliminary assessment and without in any way opining on the merits of any party's claim construction position, there is a possibility that Elan's revised claim construction will aid the Court rather than multiplying proceedings.

   **a) Isolated**

Elan first argues that its changes to "isolated" is limited and necessary because otherwise it has no proposed construction. It seeks to rely on inventor Mullen's testimony, and contends that it did

---

[1] The parties are cautioned in the future to seek advance permission for filing briefs in excess of the page limit ordered by the Court.

2

not previously offer this testimony because it did not propose any construction and prior counsel may not have been aware of the testimony produced within 18,000 pages the month before claim construction.  It contends that AIA will not suffer prejudice because it can have extra time to file a new opening claim construction brief to address these issues, and points out that AIA's opening brief refers to a Report from the Special Mater in parallel litigation that was not referred to in the Joint Claim Construction Statement. Elan argues that, in contrast, it would suffer prejudice if the Court does not consider its construction of "isolated" since the term is in six of the 15 asserted claims, and that the Court should have its present counsel' "best thinking" for purposes of claim construction. AIA counters that Elan's former counsel (and in-house counsel involved throughout) made an informed decision not to propose a construction for "isolated," and it should not be allowed to change its mind now.  AIA also objects to the use of Mullen's testimony because it was produced months ago, and contends that it will be prejudiced by having to expend some additional resources to revise its brief.

On balance, the Court believes that a proposed construction for the term "isolated" could be more helpful than Elan's previous position that the term is simply indefinite, and AIA's argument regarding prejudice is somewhat weak so long as it is allowed additional time to respond to the new proposed construction.  While the Court understands AIA's position that it refused to agree to a modified briefing schedule because the Court previously rejected its motion to amend its complaint, there were additional factors disfavoring amendment of the complaint which are not present here, including undue delay beyond that shown here and prejudice to Jackson.  Based on the foregoing, the Court will consider Elan's newly proposed construction of "isolated," and AIA shall have two weeks from the date of this Order in which to file an addendum to its opening brief to address Elan' new construction of "isolated."  The deadlines for oppositions and relies are also extended accordingly.

**b) Fragment**

Elan also argues that its revised proposed construction of "fragment" seeks to reduce ambiguity by clarifying that its previous construction, "within a part," means that it must be less than a whole by instead using the term "consisting of part."  AIA counters that "within" and "consisting"

3

are very different definitions, and alternatively that if the change is in fact minimal amendment is unnecessary. AIA also makes arguments similar to those discussed above regarding lack of diligence and prejudice. While a close question, and based only on a very preliminary assessment of the parties arguments without opining on the merits of the parties' proposed claim constructions, Elan's modified construction could make construction of the relevant claims simpler. AIA shall have two weeks from the date of this Order in which to file an addendum to its opening brief to address this revised construction of "fragment." The deadlines for oppositions and relies are also extended accordingly.

**3.   Elan's request for expedited discovery on standing.** While the Court did not specifically ask for briefing on this issue, since it has been briefed the Court will address it herein.

Elan wants to use the additional time before the re-scheduled claim construction tutorial and hearing to take AIA and third-party depositions limited to the issue of AIA's standing, because it contends that recent discovery in parallel litigation has revealed additional standing defects that should be explored at the outset of this case. Elan seeks an Order from the Court permitting it to depose three AIA party witnesses for limited time periods, as well as unspecified third-party witnesses, on the issue of standing within 90 days, and permitting it to depose the same witnesses later on other issues. Elan contends that it cannot depose these witnesses on all issues now because discovery is in its early stages and the effort of preparation for depositions on all issues could be for nothing if it prevails on the standing issue.

AIA persuasively counters that there is no need for expedited discovery on standing because Elan claims that the summary judgment motion already briefed in Pennsylvania will be dispositive of the issue. Additionally, it is somewhat unfair to ask deponents, especially third-party witnesses, to sit for multiple depositions in this case when they have already been deposed in other litigation on similar or identical issues, and Elan does not specifically point to anything new it hopes to gain from these witnesses.

Given the foregoing, Elan make take discovery on the issue of standing prior to claim construction if it chooses, and the parties are encouraged to proceed expeditiously with discovery on standing. However, Elan must depose witnesses on all topics, not limited to the issue of standing.

4

AIA should make every effort to make its witnesses who may have information relevant to standing available within 90 days to be deposed on all topics.

**IT IS SO ORDERED.**

Dated: June 20, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge