IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALZHEIMER'S INSTITUTE OF AMERICA, | No. C-10-482-EDL |
| Plaintiff, | **ORDER REGARDING JULY 29, 2011 LETTER** |
| v. | |
| ELAN CORPORATION PLC, et al., | |
| Defendants. | |

In an earlier series of letters, the parties disputed Defendant Elan Corporation's request for expedited discovery on the issue of standing. The Court issued an Order providing that: "Elan make take discovery on the issue of standing prior to claim construction if it chooses, and the parties are encouraged to proceed expeditiously with discovery on standing. However, Elan must depose witnesses on all topics, not limited to the issue of standing. AIA should make every effort to make its witnesses who may have information relevant to standing available within 90 days to be deposed on all topics." At that time, no party raised the issue of how to proceed if the other defendants disagreed with Elan on when to take these depositions. Previously, the Court advised the three defendants during the initial case management conference to coordinate all depositions and appoint a lead counsel among them for each deposition to the extent possible.

In a letter dated July 29, 2011, defendant Eli Lilly and Company informed the Court that co-defendant Elan has elected to take the deposition of inventor Mr. Mullen for seven of the Court-allotted 14 hours in September, and leave the remaining seven hours for the other Defendants. Lilly raised its concern with AIA's position that all defendants must depose Mr. Mullen at the same time on all topics, so all defendants must proceed with Mr. Mullen's deposition now based on Elan's

election. Lilly wants to wait for additional documents before deposing Mr. Mullen, and contends that it should not be bound by Elan's decision to proceed now. Lilly further points out that the defendants will travel to Mr. Mullen's location in Florida for depositions, so Mr. Mullen will not be unduly burdened by travel even if he has to sit for multiple depositions.[1] AIA responds that the defendants are trying to circumvent the Court's direction that they attempt to coordinate depositions and appoint a lead counsel for each deposition by taking multiple depositions of Mr. Mullen at various times on overlapping topics. AIA agrees to produce Mr. Mullen now only if all defendants depose him at this time.

Since none of the parties raised the issue of the defendants' potentially differing needs for the timing and scope of various depositions during the case management conference or in their previous series of letters, the Court had not considered this issue in its prior rulings. The Court's prior comment did not mean to imply that all defendants would be required always to act in concert upon pain of preclusion or prejudice to their separate defenses, but instead that they should work together to the extent possible to avoid duplication of effort and burden on witnesses.

AIA shall produce Mr. Mullen for a deposition on the appropriate topics noticed by Elan on September 1 or 2, or any other mutually agreeable date prior to him leaving the country. The other two defendants may separately notice Mr. Mullen's deposition for a later date, but must coordinate this later deposition between them as Jackson has agreed to do. Going forward, all defendants should coordinate depositions to the maximum extent reasonably feasible, and the parties should routinely meet and confer to minimize any burden on witnesses and avoid duplication of these proceedings and overlap with other concurrent litigation.

In their responsive letters, the parties also attempted to expand the dispute before this Court to include other concerns about the number and timing of 30(b)(6) depositions of AIA witnesses generally. The Court will not address these additional issues at this time. Should the parties be unable to resolve their additional issues in light of the guidance provided by this Order, they may bring a properly noticed motion and, if and only if appropriate, request that it be heard on shortened

---

[1] Co-Defendant Jackson Laboratories, who may be dismissed from the case entirely, promises that if it remains in the case, it will coordinate a later deposition of Mr. Mullen with co-Defendant Lilly and will not require a separate deposition.

2

time.

**IT IS SO ORDERED.**

Dated: August 4, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge