IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALZHEIMER'S INSTITUTE OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ELAN CORPORATION PLC, et al.,<br><br>  Defendants. | No. C-10-482-EDL<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING COUNSEL'S MOTION TO WITHDRAW** |

Before the Court are Plaintiff's motion to stay and Bryan Cave's motion to withdraw as counsel. Having heard argument on Plaintiff's motion to stay on November 7, 2011, and the matters having been fully briefed, the Court determines that further oral argument is not necessary and deems the matters submitted. For the reasons set forth below, Plaintiff's motion to stay is GRANTED and Bryan Cave's motion to withdraw is DENIED.

## I.  Background

In this patent infringement action, Plaintiff Alzheimer's Institute of America ("AIA") has filed a motion to stay the case on two bases: (1) an upcoming trial on the issue of standing in parallel litigation in the Eastern District of Pennsylvania (AIA v. Avid Radiopharmaceuticals, et al.); and (2) Plaintiff's counsel's potential conflict of interest in this case which may require it to obtain new counsel. The hearing on claim construction has been vacated pursuant to the agreement of the parties pending the trial on standing in the Eastern District of Pennsylvania. Doc. no. 239. On September 29, 2011, Defendant Eli Lilly filed its motion for summary judgment, which has been held in abeyance pending decision on the present motion to stay. Elan represents that it is gathering

discovery and preparing its own summary judgment motion on laches and estoppel, but has not yet filed a motion.

At the November 7, 2011, hearing on Plaintiff's motion to stay, Plaintiff's counsel, Bryan Cave indicated that it would file a motion to withdraw as counsel if the motion to stay were not granted. Defendants objected to staying the case on the ground of conflict of interest because Bryan Cave had asserted that a conflict existed, but had not demonstrated it on the record. The conflict arises from Bryan Cave's concurrent representation of AIA and University of South Florida ("USF"), which moved to intervene in the Avid litigation in the Eastern District of Pennsylvania to assert an ownership interest in the patents in suit. After Bryan Cave asked USF for its consent to waive the conflict, USF refused to do so. As Bryan Cave acknowledges, "[t]he interests of AIA and USF with respect to the patent ownership issue are at odds [because] both parties claim ownership of the Patents-in-Suit." Doc. no. 283 at 4.

The Court ordered briefing on the motion to withdraw. Bryan Cave filed the present motion to withdraw as counsel on November 14, 2011. Defendants Eli Lilly and Elan Pharmaceuticals, Inc. each filed an opposition to the motion to withdraw, as did Plaintiff AIA through specially appearing counsel.

## II. Legal Standard

Courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254, 57 (1936); see also Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (when there is an independent proceeding related to a matter before the trial court, court may "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case"). The power to stay ongoing proceedings extends to stays pending resolution of separate judicial proceedings, and does not require the issues in such proceedings to be determinative of the action before the court. Leyva v. Certified Grocers, 593 F.2d 857, 863-64 (9th Cir. 1979).

2

In determining whether a stay is appropriate, the court must weigh various competing interests, including the possible damage which may result from granting the stay, the hardship to the parties if the suit is allowed to proceed, and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005); CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). A stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims. Leyva, 593 F.2d at 863; see also Landis, 299 U.S. at 256-57 (discretion abused because the stay "continue[d] in effect" without "reasonable limits").

## III. Analysis

AIA contends that the Landis factors are met because a stay will significantly conserve the resources of this Court and all parties, and denial of a stay will require AIA to obtain new counsel. Having considering all the arguments in favor of and against a stay, including the potentially dispositive issue about standing that is pending in the Avid litigation as well as the conflict of interest, the Court determines that the relevant considerations weigh in favor of granting a stay.

### A. Orderly Course of Justice

#### 1. Lilly's pending motion and Elan's anticipated motion for summary judgment

AIA first argues that the Pennsylvania trial on standing (currently scheduled for April 2012) will moot this action if the Pennsylvania court determines that AIA does not own the patents-in-suit. Alternatively, according to AIA, even if the Pennsylvania court determines that AIA does have standing, it could serve as collateral estoppel to Lilly's assertions regarding ownership in this case because Avid, the defendant in the Eastern District of Pennsylvania action, is a subsidiary of Lilly, and the same attorneys are counsel for both parties. It contends that waiting for a decision from the trial in the Eastern District of Pennsylvania could obviate the need for discovery and briefing by the parties, and consideration by the Court, of Lilly's pending motion for summary judgment. AIA notes that another parallel action in Oklahoma, AIA v. Comentis, Inc., et al., has been stayed pending the Pennsylvania trial. See Goldman Decl. Ex. A.

Defendants contend that they will be prejudiced by a stay because discovery regarding laches and estoppel is increasingly difficult due to the passage of time. Defendants argue that Lilly's pending motion for summary judgment in this action relates to whether Lilly's actions are shielded from liability by the experimental use defense, and that Elan would also be entitled to this defense. Elan further represents that it intends to move for summary judgment on laches and estoppel once it obtains a further deposition of Ronald Sexton. As the Court noted at the hearing, however, the April 2012 trial on standing is potentially dispositive of this entire action, so that proceeding on Defendants' motions could result in unnecessary use of the Court's and the parties' time and resources. Furthermore, Elan's argument concerning the possible delay in the Avid trial due to Bryan Cave's representational conflict is rendered moot by the recent decision by the Avid court denying Bryan Cave's motion to withdraw, allowing Bryan Cave to continue representing AIA at least through the trial on standing.

### 2. Inconsistent Statements by AIA

Additionally, Elan and Lilly both point out that, in *opposing* a stay in another parallel action in Florida just two weeks ago, AIA has taken what appears to be an opposite position with respect to the Pennsylvania trial. In Mayo Clinic Jacksonville, et al v. AIA, in the Middle District of Florida, AIA filed a lengthy statement arguing that the Pennsylvania judge's rulings on standing are erroneous and likely to be appealed and overturned, that it could take several years to resolve the standing issues there, and that resolution of standing in Pennsylvania will not impact the parallel Florida litigation. See Ex. 1 to Lilly's Opp.

In reply, AIA responds that the statements it made in Mayo were not addressing a motion to stay that action, but were made in response to the Florida district court's order instructing the parties to explain the effect of the ruling by the Pennsylvania district court denying summary judgment on the issue of inventorship/ownership in the Avid matter. In Mayo, the plaintiffs asked the Florida district court to stay the proceedings pending the Avid trial on AIA's standing, whereas AIA took the position that the Mayo case should proceed on the grounds that the Avid order was not determinative of any issues, Avid was wrongly decided on the issue of preemption of the Florida regulation at issue there, and that the Mayo action in Florida had already been pending for 6 years.

4

1  The Florida district court has not stayed the Mayo action or otherwise ruled on the impact of the
2  impending Avid trial on that case. Here, AIA contends that it has not taken inconsistent positions
3  because it is represented by different counsel in the Florida action, so that the conflict of interest is
4  not an issue there, and because the question of patent ownership is not at issue in the Mayo case in
5  Florida. The Mayo plaintiffs, however, have argued to the Florida district court, "Unless AIA can
6  demonstrate that USF waived its rights to the inventions, AIA will lack standing to assert the
7  patents-in-suit both here and in Avid." Thus, it appears that patent ownership is at issue in the Mayo
8  case as well.

9  Although AIA has taken inconsistent positions here and in Mayo, the Court agrees that the
10 reasons to stay this case are distinguishable from those in the Mayo action in Florida. In particular,
11 Mayo is a 6-year old action, and a special master has already issued an R&R on claim construction
12 in that case, dated February 10, 2011. Mayo Clinic Jacksonville v. AIA, Case No. 8:05-CV-639
13 (M.D. Fla.) (docket no. 233). Further, the district court in Florida has not ruled on whether to stay
14 the Mayo action or whether to adopt AIA's position opposing a stay in the Mayo case, and AIA has
15 not gained any unfair advantage at this point. Cf. United Nat. Ins. Co. v. Spectrum Worldwide, Inc.,
16 555 F.3d 772, 779 (9th Cir. 2009) (holding that Spectrum was estopped in insurance coverage
17 dispute from making inconsistent argument about whether infringement claim was covered by
18 insurance policy "because Spectrum obtained a favorable decision in the district court as a result of
19 its assertions that the alleged infringement first arose in 1999").

20 **B.    Prejudice**

21 As the Court recognized at the hearing on the motion to stay, the prejudice to AIA would be
22 significant if Bryan Cave were to withdraw as counsel. In opposition to Bryan Cave's motion to
23 withdraw, AIA asserts that it will suffer severe and extreme prejudice if Bryan Cave were ordered to
24 withdraw from representation, after Bryan Cave has spent over 7,200 hours in representing AIA in
25 this and three other actions relating to the patents-in-suit over the past two and a half years. Sexton
26 Decl. ¶¶ 1-3. AIA represents that it has paid Bryan Cave fees estimated in the "low seven figures."
27 Id. ¶ 3. The Court agrees that if Bryan Cave were ordered to withdraw from representation, AIA
28 would face severe prejudice in having to incur the time and expense of replacing its longstanding

counsel with new counsel to master the technical and legal issues in the pending lawsuits.

In its motion to withdraw as counsel if a stay is not entered, Bryan Cave concedes that its concurrent representation of AIA and USF implicates Rule 3-310 of the California Rules of Professional Conduct:

> (C) A member shall not, without the informed written consent of each client: . . . (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict. . . .

Rule 3-310 prohibits the concurrent representation of more than one client in a matter where the clients have adverse interests unless both clients give their informed consent. This rule preserves "'the attorney's duty - and the client's legitimate expectation - of loyalty, rather than confidentiality.'" Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 815 (N.D. Cal. 2004) (quoting Flatt v. Superior Court, 9 Cal. 4th 275 (1994)). Bryan Cave acknowledges that "the adverse interests of AIA and USF with respect to ownership of the Patents-in-Suit create a conflict mandating Bryan Cave's withdrawal as attorneys of record if this case is not stayed." Doc. no. 283 at 5. Bryan Cave contends that a temporary stay pending the Avid trial on standing would permit Bryan Cave to remain as counsel in this case until the Avid court determines whether ownership of the patents is vested in AIA or USF. Bryan Cave represents that USF, the client with the loyalty concern, has not objected to a stay of this action, which distinguishes this situation from the one presented in Concat where the plaintiff sought to disqualify counsel from representing the defendants where defense counsel had also represented a non-party who had an ownership interest in the plaintiff.

Concat recognized that when evaluating whether a law firm may concurrently represent two clients with adverse interests under Rule 3-310, "it is presumed that the duty of loyalty has been breached and counsel is automatically disqualified." 350 F. Supp. 2d at 821 (citation and quotation marks omitted). Under California law, the presumption may be rebutted if full disclosure of the conflict is made and both clients give their informed written consent. Id. at 820. Concat recognized that an ethical wall could prevent a breach of confidentiality under some circumstances, but found that the ethical wall measures taken by defense counsel in that case did not address the paramount duty of loyalty. Id. at 821-22.

1    Eli Lilly notes that in the Avid matter, the court has permitted Bryan Cave to litigate on behalf
2    of AIA against USF over the patent ownership issue. Doc. no. 289 at 4. On December 8, 2011,
3    Bryan Cave notified the Court that the Avid court issued an opinion on the order denying Bryan
4    Cave's motion to withdraw. The opinion noted that although California Rule of Professional
5    Conduct 3-310 imposed a per se disqualification rule whenever a concurrent conflict is presented,
6    Pennsylvania's less strict conflict law applied there. Doc. no. 292-1 at 7 (AIA v. Avid
7    Radiopharmaceuticals, Case No. 10-6908 (E.D. Pa., Dec. 7, 2011 slip op.)). Applying the balancing
8    test provided under the Pennsylvania Rules of Professional Conduct, the Avid court held that the
9    prejudice to AIA and the likely delay and disruption in litigation that would be caused by Bryan
10   Cave's withdrawal, Bryan Cave's implementation of ethical screens, and the lack of specific or
11   material harm to USF by Bryan Cave's continued representation of AIA, weighed in favor of Bryan
12   Cave's continued representation "at least through the trial on the waiver issue." Id. at 19 (likely
13   referring to trial on the standing issue).

14   In Flatt, the California Supreme Court recognized the exception to disqualification where the
15   conflicting clients give their informed written consent, but noted that "this class of cases is a rare
16   circumstance, typically involving corporate clients, and overcoming the presumption of 'prima facie
17   impropriety' is not easily accomplished." Eli Lilly argues that besides informed written consent,
18   California recognizes another exception to the presumption of prima facie impropriety raised by
19   simultaneous representation where there is "no actual or apparent conflict." Doc. no. 289 at 2 (citing
20   Flatt, 9 Cal. 4th 275, 285 n.4). In a footnote, Flatt cited United States v. Nabisco, 117 F.R.D. 40, 44
21   (E.D.N.Y. 1987), which recognized an exception under Second Circuit jurisprudence where the law
22   firm establishes that "there will be no actual or apparent conflict in loyalties or diminution in the
23   vigor of [its] representation." Such an exception has not been recognized under California law,
24   however, and Eli Lilly overstates Flatt's reliance on Nabisco to argue that the Court should allow
25   this litigation to proceed where Bryan Cave's ongoing representation of AIA demonstrates "no
26   actual or apparent conflict." Eli Lilly contends that Bryan Cave's concurrent representation of USF
27   and AIA does not create an actual or apparent conflict, nor diminished vigor of representation, with
28   respect to the limited noninfringement issues that Eli Lilly raises in its motion for summary

7

1 judgment. Doc. no. 289 at 3. However, AIA and USF's interests are directly at odds in the <u>Avid</u>
2 litigation, and Eli Lilly offers no authority for its proposition that the Court could allow Bryan Cave
3 to proceed with the concurrent representation on a discrete issue that Eli Lilly proposes to carve out.
4 In the alternative, Eli Lilly agrees with Elan that if the Court found that the conflict precludes Bryan
5 Cave from representing AIA here, then staying this case would not resolve the conflict issue.

6       Elan contends that the Court must reach the conflict issue and resolve the conflict by ordering
7 Bryan Cave to withdraw as counsel. Elan contends that even if the matter were stayed, "further
8 proceedings are likely to require Bryan Cave to act on behalf of AIA in this action, including
9 providing the court with status updates during the stay, dealing with administrative issues, and
10 engaging in settlement discussions." Doc. no. 285 at 3. Given the pendency of the <u>Avid</u> litigation,
11 however, the Court determines that entering a stay would greatly reduce the likelihood that Bryan
12 Cave would represent AIA in a substantial capacity in this action. Unlike the situation presented in
13 <u>Concat</u>, 350 F. Supp. 2d at 816, where the court determined that "there was substantial likelihood of
14 further proceedings within this jurisdiction" despite the pendency of arbitration proceedings, AIA
15 has demonstrated that a dispositive ruling on the issue of standing in <u>Avid</u> could determine whether
16 this litigation will proceed, thereby disposing of the conflict issue raised by the concurrent
17 representation, as well as the substantive issues disputed by the parties. As Elan concedes, the facts
18 and circumstances presented here are "unique" (doc. no. 285 at 3) in that AIA is involved in
19 litigation pending in another district court where the question of ownership of the patents at issue is
20 set for trial in about four months and the issue of concurrent representation has been squarely
21 presented to that court by the clients whose loyalty interests are at issue. Although the <u>Avid</u> court
22 decided the conflict issue under Pennsylvania, rather than California, law, AIA makes a persuasive
23 argument that deciding the conflict issue differently here would result in inconsistent rulings and
24 would require AIA to obtain new counsel here whereas it has been allowed to proceed with Bryan
25 Cave's counsel in the <u>Avid</u> action, and would cause extreme prejudice to AIA, particularly in light
26 of the more advanced stage of litigation in <u>Avid</u>.

27       At the hearing on the motion to stay, Elan argued that aside from the evidentiary prejudice
28 caused by delay, it would be prejudiced by having to hold off on moving forward on its summary

8

1 judgment motion and claim construction. The Court pointed out that declarations from witnesses
2 could be obtained now, to minimize the prejudicial effect of delay.

3 AIA offers an alternative to Bryan Cave's withdrawal here, which is to order Bryan Cave to
4 drop USF as a client. Doc. no. 287 at 10-15. As AIA recognizes, under California's Rules of
5 Professional Conduct, "a law firm may not avoid disqualification where it has knowingly undertaken
6 adverse concurrent representation by withdrawing from the representation of the less favored client."
7 AIA Opp. at 7-8 and n. 3 (citing State Farm Mut. Auto Ins. Co. v. Federal Ins. Co., 72 Cal. App. 4th
8 1422, 1431 (1999) (referring to the prohibited practice of dropping the less favored client as the "hot
9 potato" rule)); Truck Ins. Exch. v. Fireman's Fund Ins. Co., 6 Cal. App. 4th 1050, 1058 (1992). AIA
10 contends that Bryan Cave did not knowingly accept adverse concurrent representation, and that USF
11 created the concurrent representation conflict scenario by intervening in the Avid patent litigation in
12 September 2011, about 10 months after AIA filed the Avid action. USF is not a party to this
13 litigation and has not filed a motion to disqualify Bryan Cave here, nor has it filed any papers in
14 support of or in opposition to the instant motion to withdraw. In Avid, however, in which USF
15 intervened, the court noted that "USF has made it clear that Bryan Cave will no longer represent it in
16 any matter." Doc. no. 292-1 at 16. Avid contends that the "hot potato" rule is not implicated here
17 because USF has expressly stated that it would terminate Bryan Cave's representation: "'if Bryan
18 Cave is allowed to remain in this lawsuit, in addition to their own problems looking at California
19 law, the University of South Florida can't continue with them.'" Doc. no. 287 at 6 (quoting
20 transcript of October 31, 2011 hearing in Avid). If, indeed, USF terminates Bryan Cave's
21 representation, then the concurrent representation issue would be moot. Bryan Cave represents,
22 however, that USF has sought a writ of mandamus from the Federal Circuit on the conflict issue,
23 indicating that USF will not, in fact, simply terminate Bryan Cave's representation. Doc. no. 291 at
24 1-2. Under State Farm, the Court cannot order Bryan Cave to drop USF in favor of AIA to resolve
25 the conflict issue.

26 Here, the prejudice to AIA caused by Bryan Cave's withdrawal in this litigation would far
27 outweigh the prejudice caused by a relatively brief delay in these proceedings. A stay pending trial
28 on the issue of standing in Avid is warranted where a decision by the court on the issue of patent

9

ownership there is potentially dispositive of the dispute in this case and could resolve the conflict raised before this Court by Byran Cave's concurrent representation of AIA and USF.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to stay is GRANTED and Bryan Cave's motion to withdraw as counsel is DENIED pending the stay of this action. The parties shall inform the Court of any development in the <u>Avid</u> proceedings and address its impact on the stay in this action.

**IT IS SO ORDERED.**

Dated: December 22, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

10